RECEIVED

MAY 15 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DONNA A. RATLIFF | CIVIL ACTION NO. 05-1194 |
| VERSUS | JUDGE DOHERTY |
| BAY INC. OF TEXAS<br>D/B/A BAY OFFSHORE, INC. | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

Currently pending before the Court is a Motion for Summary Judgment [Doc. 32] filed by defendant Bay Inc. of Texas, D/B/A Bay Offshore, Inc. ("Bay"). Plaintiff has opposed the motion [Doc. 36] and defendant has replied to plaintiff's opposition [Doc. 39]. Defendant seeks dismissal of plaintiff's Title VII sex discrimination case on both procedural and substantive grounds. Procedurally, defendant argues this matter should be dismissed in its entirety based on the doctrine of judicial estoppel. Due to the procedural posture of this matter, as will be explained more fully below, the Court need not address the substantive merits of the motion at this juncture.

On May 14, 2004, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging unlawful discrimination based on gender. On March 17, 2005 plaintiff and her husband filed a voluntary petition for Chapter 13 bankruptcy relief in the United States Bankruptcy Court for the Southern District of California (San Diego), Docket No. 05-02125-JM13. On April 6, 2005, the EEOC issued plaintiff a right to sue letter. On July 6, 2005, plaintiff filed this Title VII suit in this Court.

As plaintiff admits, she failed to disclose her pending EEOC charge and potential lawsuit to the bankruptcy court. A review of the record in the bankruptcy proceeding shows an attestation by plaintiff and her husband, under penalty of perjury, indicating plaintiff had no "other contingent and unliquidated claims of [any] nature." Additionally, within the bankruptcy record and, again under penalty of perjury, plaintiff indicated she had no pending "suits and administrative proceedings." Thus, defendant's argue plaintiff should be judicially estopped from pursuing her claim in this Court.

Plaintiff's defense to her failure to disclose is she was "unaware" of the need to do so, and her failure was "inadvertent." [Doc. 36-1, p. 4]

Pursuant to 11 U.S.C. §541(a)(1), "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case" become the property of the bankruptcy estate. Section 541(a)(1)'s reference to "all legal or equitable interests of the debtor in property" includes causes of action belonging to the debtor at the time the case was commenced. Louisiana World Exposition v. Federal Ins. Co., 858 F.2d 233, 245 (5th Cir. 1988); Smith v. Arthur Anderson LLP, 421 F.3d 989, 1002 (9th Cir. 2005). Causes of action accruing prior to the filing of a bankruptcy petition, or prior to the debtors' discharge in bankruptcy, "are property of the bankruptcy estate and may only be prosecuted by the bankruptcy trustee" (the real party in interest under Rule 17(a) of the Federal Rules of Civil Procedure), unless the Court orders otherwise or the property is abandoned. *See* 11 U.S.C. §554(d). As there is no indication in the bankruptcy record that the bankruptcy court has ordered plaintiff may go forward with this suit, or that the claim has been abandoned by the Trustee,[1] the Court finds plaintiff has no standing to bring a civil action to adjudicate this claim, as

---

[1] Abandonment of property by the Estate requires notice and a hearing. *See* 11 U.S.C. §554. The record reflects no such hearing.

it is property of the estate.[2]

However, the Court finds the relief requested by defendant (dismissal on grounds of judicial estoppel) to be inappropriate *at this stage* of the proceeding. Judicial estoppel is an equitable doctrine, and the decision whether to invoke it is within the Court's discretion. In re: Coastal Plains,

---

[2] As previously stated, plaintiff's only defense is she was "unaware" of the need to disclose her EEOC claim and her failure was "inadvertent." Plaintiff has failed to carry her burden of proof to show "inadvertence."

To establish her failure to disclose was "inadvertent," plaintiff may prove either: (1) she did not know of the inconsistent position, or (2) she had no motive to conceal it from the Court. Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 600-01 (5th Cir. 2005). "To claim that her failure to disclose was inadvertent, [plaintiff] must show not that she was unaware that she had a duty to disclose her claims but that, at the time she filed her bankruptcy petition, she was unaware of the facts giving rise to them." Id. at 601 (citing In re Coastal Plains, Inc., 179 F.3d 197, 211-12 (5th Cir. 1999)). A claimant's lack of awareness of a statutory disclosure duty for his or her legal claims is not relevant. In re Coastal Plains, Inc. at 212. Rather, "the controlling inquiry, with respect to inadvertence, is the knowing of facts giving rise to inconsistent positions." Jethroe at n.4 (citing In re Coastal Plains Inc., *supra*).

Here, the Court finds it disingenuous for plaintiff to argue she was unaware of the need to disclose her pending EEOC charge when she obtained bankruptcy relief by representing that no claims existed. As stated by the Fifth Circuit in In re Coastal Plains, Inc.:

> The basic principle of bankruptcy is to obtain a discharge from ones creditors in return for all ones assets, except those exempt, as a result of which creditors release their own claims and the bankrupt can start fresh. Assuming there is validity in [debtors] present suit, it has a better plan. Conceal your claims; get rid of your creditors on the cheap, and start over with a bundle of rights. This is a palpable fraud that the court will not tolerate, even passively. [Debtor], having obtained judicial relief on the representation that no claims existed, cannot now resurrect them and obtain relief on the opposite basis. Id. at 213 (quoting Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.), Inc., 989 F.2d 570, 571 (1st Cir. 1993)).

As plaintiff filed her EEOC charge prior to filing for bankruptcy relief, she was aware of her claim when she requested bankruptcy relief, and thus was aware she was taking inconsistent positions in the two matters.

With regard to motive to conceal the EEOC claim from the Bankruptcy Court, several courts have held, in cases similar to the instant matter, that motivation to conceal a claim was present because the debtor "would certainly reap a windfall had [she] been able to recover on the undisclosed claim without having disclosed it to the creditors." In re: Superior Crew Boats, Inc., 374 F.3d 330, 336 (5th Cir. 2004). *See also* In re: Coastal Plains, Inc., *supra*; Browning, *supra*. The Court finds plaintiff had sufficient motivation to conceal her claim from the Bankruptcy Court.

Inc., 179 F.3d 197, 205 (5th Cir. 1999). If plaintiff's allegations are true, and defendant did indeed subject plaintiff to unlawful discrimination in violation of Title VII,[3] the Court does not find dismissal to be the proper remedy without input from the Trustee as to whether or not he wishes to pursue this matter on behalf of the estate.[4] Counsel for defendant relies primarily on Jethroe, supra for its proposition that dismissal is the appropriate remedy.[5] However, the Court finds Jethroe and the other published Fifth Circuit cases cited by defendant to be distinguishable because, in those cases, the bankruptcy had been terminated at the time the defense of judicial estoppel was raised. Here the bankruptcy is ongoing, and thus, opportunity for action on behalf of the Trustee is available.

Therefore, the Court hereby ORDERS both parties to issue written correspondence to the Trustee assigned to plaintiff's bankruptcy suit granting notice of this suit. The correspondence is to

---

[3] This Court gives no hint - not even a whisper - as to the ultimate merits of plaintiff's claim against defendant.

[4] In his opposition memorandum, plaintiff's counsel states:

> Upon learning of Ms. Ratliff's pending bankruptcy, [at plaintiff's deposition taken January 8, 2007, plaintiff's counsel] contacted the bankruptcy trustee, Mr. Thomas Bilingsee [sic], to inform that this matter was pending and that the Ratliffs had failed to disclose this matter to the Bankruptcy Court. Upon agreement to allow this matter to continue, plaintiff was required to agree that no less than one-half of the proceeds would go to pay down the Chapter 13 debts.

Plaintiff's counsel has provided nothing in support of this statement other than his unsubstantiated assertions. This Court is unaware whether, under the law, plaintiff's counsel and the Trustee can enter an informal, verbal contract to split proceeds of a lawsuit belonging to an estate, particularly without approval of the bankruptcy court. It has been this Court's experience that when a Trustee wishes to pursue a claim, special counsel is appointed to represent the Trustee as the proper party plaintiff. Regardless, in spite of counsel's assertion, his client, Donna Ratliff, is not the proper party to pursue this claim, nor has she ever been a proper party since this suit's inception.

[5] The Court notes defendant additionally relies on cases that are either unpublished 5th Circuit cases, or cases issued from numerous other Circuits (save the Ninth Circuit where the Bankruptcy is pending) and their district courts. Only when there is no Fifth Circuit law on an issue, will this Court examine the law of other circuits. Additionally, counsel must assert to the Court that the Fifth Circuit has not provided guidance on the issue at hand.

provide the Trustee with complete notice of this litigation as well as this Ruling and Order so that he may take whatever action, if any, he deems appropriate. Counsel are to copy this Court with their correspondence. Thereafter, should the Trustee not act within this suit within thirty days of issuance of this Ruling and Order, the Court will dismiss this matter with prejudice on the basis of judicial estoppel. As such, defendant's motion is DEFERRED until thirty days after issuance of this Ruling.

The pretrial conference and trial date are UPSET and counsel are to contact this Court within ten days of action by the bankruptcy Trustee should this case go forward in order to select a new trial and pretrial date.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___14___ day of May, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT:
DATE: 5/15/07
BY: CW
TO: RFD
Cg