RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 7-5-07

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DONNA A. RATLIFF | CIVIL ACTION NO. 05-1194 |
| VERSUS | JUDGE DOHERTY |
| BAY INC. OF TEXAS<br>D/B/A BAY OFFSHORE, INC. | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

The Court is in receipt of defendant, Bay Limited's, "Motion for Leave to File Response to Chapter 13 Standing Trustee and Order" [Doc. 42] and "Motion for Leave to File Fax and Draft Motion from the Pacific Law Center and Order" [Doc. 43].

As to the first motion, defendant seeks leave of Court to: (1) file a letter from the Chapter 13 Standing Trustee, Thomas H. Billingslea, into the record; and (2) file a "very, very short reply thereto." [Doc. 42, p. 1][1] As to defendant's first request, the Court hereby GRANTS leave of Court to file into the record the letter of the Trustee. [Doc. 42, Exh. 2] However, the Court DENIES leave for defendant to file a reply thereto, as defendant has provided no binding or relevant jurisprudence in support of its argument. Defendant's reply reads as follows:

---

[1] On May 14, 2007, this Court issued a Ruling and Order wherein it deferred ruling on defendant's Motion for Summary Judgment [Doc. 32] for thirty days. In the Motion for Summary Judgment, defendant requested the Court dismiss plaintiff's Title VII suit, based upon the doctrine of judicial estoppel, because plaintiff failed to disclose the existence of this claim to the Bankruptcy Court overseeing her pending Chapter 13 bankruptcy. The Court found the relief requested by defendant to be inappropriate, as the cases cited by defendant in support involved matters where the underlying bankruptcy proceeding had been terminated at the time the defense of judicial estoppel was raised. In this matter, the bankruptcy is ongoing, and thus the claim is the property of the estate and can only be prosecuted by the real party-in-interest (the Trustee on behalf of the estate), unless the Bankruptcy Court orders otherwise or the property is abandoned. Additionally, the Court ordered counsel to provide written correspondence to the Trustee granting notice of this suit. The Court stated, "Thereafter, should the Trustee not act within this suit within thirty days of issuance of this Ruling and Order, the Court will dismiss this matter with prejudice on the basis of judicial estoppel." [Doc. 40, p. 5]

Bay wishes to comment on one aspect of the response, *i.e.*, the [hearsay based] contemplation by counsel representing Ratliff in the bankruptcy to amend the Chapter 13 schedule at this point so as to reflect Ratliff's claims against Bay. More specifically, Bay submits that this is improper and against public policy as a matter of law. *See De Leon v. Comcar Industries, Inc.*, 321 F.3d 1289 (11th Cir. 2003); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1281 (11th Cir. 2002), both of which are discussed in Bay's Supplemental Memorandum in Support of Motion for Summary Judgment at pp. 5-7.

[Doc. 42-3, pp. 1-2] This Court again suggests to defendant (as it did in its previous ruling), its focus on United States Supreme Court case law, as well as Fifth Circuit and Ninth Circuit case law (whichever is applicable to the issue addressed), unless no such case law is available. If no law from the applicable Circuit is available, counsel should so state and thereafter note law from outside the applicable circuits.

As to defendant's second motion ("Motion for Leave to File Fax and Draft Motion from the Pacific Law Center and Order" [Doc. 43]), the motion is DENIED. The motion requests leave of Court to file into the record a "Fax and Draft Motion from the Pacific Law Center." Exhibit 2 to document 42 shows the Trustee stated in a letter to counsel: "I have spoken with Mr. Donald Bokovay, a member of the law firm that represents the Ratliffs in the Chapter 13. As the Chapter 13 case is still an open case, the law firm is contemplating amending the Schedules to list the cause of action." The facsimile and draft motion, which defendant is attempting to file into the record in Document 43, is a facsimile from Ms. Ratliff's bankruptcy attorney, Don Bokovay, to counsel in this matter and a document purporting to be a Stipulation and Order which would permit Ms. Ratliff to pursue the Title VII lawsuit before this Court. The stipulation states the Trustee will not prosecute the Title VII litigation, however, he has no objection to the debtor pursing the litigation, provided she applies any net recovery to the confirmed Chapter 13 Plan and increases the dividend to

unsecured creditors to an amount of 100% subject to such net recovery. The document is signed by debtor's counsel. It contains signature lines for Donna Ratliff, the Trustee and the bankruptcy judge, but there are no actual signatures. The Court fails to recognize how an unsigned, unfiled draft of a petition is any less hearsay than the statement contained in the Trustee's letter to which defense counsel raised issue. This Court is at a loss as to the relevance of the draft stipulation and order, unless and until it is filed into the record of the bankruptcy proceeding.

For the foregoing reasons, defendant's Motion for Leave [Doc. 42] is GRANTED IN PART and DENIED IN PART. Leave is granted for counsel to file Exhibit 2 (contained in Doc. 42-3) into the record, however, leave is denied for counsel to file a reply (Doc. 42-3, court pp. 1-5). Defendant's Motion for Leave [Doc. 43] is DENIED in its entirety.

Additionally, counsel for plaintiff is hereby ORDERED to keep the Trustee fully advised as to the status of this case and its ultimate resolution.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __29__ day of June, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

COPY SENT
DATE 7/5/07
BY
TO